**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD GRASSI; SALLY M. GRASSI,

Plaintiffs - Appellants,

v.

MOODY'S INVESTORS SERVICES;
STANDARD & POOR'S; FITCH
RATINGS; THE MCGRAW-HILL
COMPANIES, INC.; FITCH, INC.,

Defendants - Appellees.

No. 11-17455

D.C. No. 2:09-cv-00543-JM-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted September 11, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief
District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

Ronald and Sally Grassi brought suit against three bond rating agencies, Moody's, Standard & Poor's, and Fitch. The Grassis allege that they relied on the agencies' ratings before they purchased bonds offered by Lehman Brothers. When Lehman collapsed, the Grassis lost their investment. They filed a complaint alleging that the rating agencies negligently and intentionally misrepresented the investment quality of the bonds. The district court dismissed the Grassis' complaint, but gave the Grassis instructions on how to cure the deficiencies in their pleading. This appeal rises from the district court's judgment dismissing their amended complaint for failure to satisfy the pleading standards of Federal Rules of Civil Procedure 8 and 9. We have jurisdiction under 28 U.S.C. § 1291. We review dismissals under Rules 8, 9(b), and 12(b)(6) de novo. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We affirm.

Under Rule 8, a complaint must be a "plain statement" that "show[s] that the pleader is entitled to relief." We apply the plausibility standard the Supreme Court articulated in *Twombly*[1] and *Iqbal*.[2] *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Additionally, every claim that alleges fraud or "facts that necessarily constitute a fraud (even if the word 'fraud' is not used)," must satisfy Rule 8 *and*

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

2

Rule 9(b)'s heightened pleading standard. *Vess*, 317 F.3d at 1105. Under Rule 9, a complaint must "state with particularity the circumstances constituting fraud . . . including the who, what, when, where, and how of the misconduct charged." *Ebeid ex. rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citation omitted). Rule 9's heightened pleading standard applies here because the Grassis' negligent and intentional misrepresentation and "aiding and abetting" claims sound in fraud.

The Grassis did not—and cannot—satisfy their burden under Rule 9 because, as the district court found, the complaint "contains very few allegations of facts that are not conclusory, and those few facts set forth nothing more than . . . neutral facts . . . ." While "an exception exists [to Rule 9(b)] where . . . the plaintiffs cannot be expected to have personal knowledge of the facts constituting wrong-doing," the exception applies only if a plaintiff's allegations are accompanied by specific facts. *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (citation omitted). The complaint here includes no such specific facts. Moreover, granting leave to amend the complaint again would be futile because, according to the Grassis' own brief, "there may be NO specific evidence to cite" in support of their claims.

Moreover, the Grassis' complaint also does not satisfy Rule 8 because conclusory facts do not "show[ ] that the pleader[s] are entitled to relief." *Twombly*, 550 U.S. at 555; *see also Hebbe*, 627 F.3d at 342 (explaining that a complaint "may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face'" (quoting *Iqbal*, 556 U.S. at 678)).

Accordingly, because the Grassis' complaint is nothing "more than labels and conclusions," *Twombly*, 550 U.S. at 555, the district court properly dismissed the Grassis' action with prejudice pursuant to Rule 12(b)(6).

**AFFIRMED**.